# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| STAVROS PAPANTONIADIS | ) ) | Case No. 23-mi-5172-JGD |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ (1) the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ (b) an offense for which the maximum sentence is life imprisonment or death; **or**

☐ (c) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ (d) any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ (e) any felony that is not otherwise a crime of violence but involves:

(i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; *and*

☐ (2) the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

☐ (3) the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

☐ (4) a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

  ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

  ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

  **OR**

  ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

  ☒ Weight of evidence against the defendant is strong
  ☒ Subject to lengthy period of incarceration if convicted
  ☒ Prior criminal history
  ☐ Participation in criminal activity while on probation, parole, or supervision
  ☒ History of violence or use of weapons
  ☐ History of alcohol or substance abuse
  ☐ Lack of stable employment
  ☐ Lack of stable residence
  ☐ Lack of financially responsible sureties

- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:
See attached sheets.

### Part IV – Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 03/21/2023                                   /s/ Judith Gail Dein
                                                   United States Magistrate Judge

Stavros Papantoniadis
Detention Order 22-mj-5172-JGD
March 21, 2023

     The defendant is charged in a criminal complaint with committing Forced Labor, in violation of 18 U.S.C. § 1589(a). At this juncture, the evidence against him appears strong. Briefly, the evidence, as detailed in a lengthy complaint affidavit, is that the defendant has owned and continues to own a chain of pizzerias. In connection with the businesses, the defendant has recruited workers who lack immigration status and authorization to work in the United States. There is evidence that over the last 15 or so years, the defendant forced the employees to work for more hours and days with less pay than was lawful and used threats to make them comply. These threats included threats of physical violence, as well as threats to contact immigration officials, among other serious consequences. A 2017 investigation by the U.S. Department of Labor, Wage and Hours Division ("DOL") against the defendant and his pizza businesses for overtime violations resulted in a payment pursuant to a consent decree in 2019. Some of the alleged victims in the instant case gave statements in the DOL investigation and received compensation for back wages and liquidated damages. There is evidence that the defendant tried to intimidate at least one witness (victim 3 in the complaint affidavit) during the investigation, told him to lie to investigators, and threatened him for being a "snitch" who lacked immigration status in the United States.

     The government has described the situation of 7 alleged victims in the instant prosecution. While their circumstances vary, in several cases there is seemingly persuasive evidence that the defendant threatened victims, engaged in physical altercations and/or improperly called in the police, thereby putting the victim at risk for negative immigration consequences. As defense counsel pointed out, some of these incidents are dated, and the medical records used to substantiate the victim's complaints are ambiguous at this stage. See, e.g., Victim 1, Exhibits 2 & 3. Nevertheless, the reports show a continuing pattern of threats and actual violence over the years.[1] There is evidence that the defendant attacked victim 5 in 2013 when he tried to quit. Photographs and medical records show abrasions to the victim's neck and wrist. Ex. 4. There is evidence that in 2016, the defendant threatened victim 6 who sued the defendant in small claims court for unpaid wages. The defendant sent text messages stating "I'm going to kill you"; "I'll call the police and Immigration" and "I'm going to send people to your house." When the victim appeared in court, someone sent by the defendant advised the victim that the court could report the victim to immigration authorities, so the matter was settled. In 2018 the defendant got into a dispute with victim 7 when he wanted to take a day off. When the victim left the restaurant intending to quit, the defendant followed him in his car, and called the police falsely reporting that the victim had left the scene of an accident with property damage. He did not state that he knew the driver during the 911 call. The call to the police is recorded. Ex. 5. The victim was cited by the police. Ex. 6. As noted

---

[1] The court declines to consider the videos found in the defendant's phone as evidence of any propensity for violence as the witness could offer no context for the videos.

above, during the Department of Labor investigation from 2017-19, the defendant threatened a witness and encouraged the victim to lie to the investigators.

There is also evidence in the record that the defendant has falsified records and lied to governmental authorities. Thus, there is evidence that the defendant and his wife were collecting unemployment benefits while vacationing in Aruba. Ex. 17-19. There is also evidence that he obtained a substantial business loan from the U.S. Small Business Administration for a defunct company. Ex. 14.

The defendant, age 48, is a lifetime resident of Massachusetts. He is married with 4 children, some of whom work in his restaurants. His mother, who is originally from Greece, also works part-time in one of the pizzerias. While he reports a substantial income, there is also evidence of substantial gambling losses. In 1996, the defendant was charged with assault and battery, malicious destruction of property, and assault and battery with a dangerous weapon (a pizza shovel) in separate incidents. In 1997 he was sentenced to 2 ½ years in the house of corrections, with 1 year committed, for motor vehicle homicide and leaving the scene of an accident. He was charged again with assault and battery in 2000 and with identity fraud in 2003, but the charges were dismissed. His record also contains a number of motor vehicle violations.

The government has met its burden of proving by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. The defendant's history of violence and threats puts potential witnesses at great risk. While home confinement and electronic monitoring could physically keep the defendant away from potential victims and witnesses, the court is unable to fashion conditions which would prevent the defendant from being in contact with or threatening them. Nor has the defendant proposed any such conditions. Consequently, the defendant will be detained.

The government has not met its burden by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. The fact that the defendant has traveled to Aruba or Europe does not mean that he will flee the country if his passport is held by Probation. Similarly, the fact that the defendant's mother is from Greece does not, in this court's view, make it likely that he will flee the country.

Judith Gail Dein<br>
March 22, 2023